UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81077-CIV-DIMITROULEAS

Michael A. Henry Bey
formerly known as
Michael Anthony Henry,

    Plaintiff,

vs.

The Bank of New York Mellon,
and DUKE PARTNERS II, LLC,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court on *pro se* Plaintiff Michael A. Henry Bey's Emergency Verified Complaint to Quiet Title for Real Property [DE 1], filed herein on September 26, 2017. The Court has carefully considered the Complaint and is otherwise fully advised in the premises.

Based on the allegations in the Complaint, it appears that a state court foreclosure judgment was entered against Plaintiff and that a judicial sale has occurred. Plaintiff states that Defendant Bank of New York Mellon presented inauthentic documents in the foreclosure action, so Plaintiff seeks to invalidate the foreclosure. Plaintiff states that he has "been ordered to be out of his house by Friday." [DE 1 at 1]. Plaintiff also requests the Court to enjoin Defendants from the execution of the writ of possession. The Court has already dismissed a lawsuit filed by Plaintiff based on identical allegations. *See* 17-cv-81054-WPD [DE 5]. The same analysis that necessitated dismissal of that action applies with equal force to this case.

In order to obtain the injunctive relief requested by Plaintiff, a party must demonstrate "(1)

[there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995)

Here, the Court does not find a substantial likelihood of success on the merits, so Plaintiff is not entitled to injunctive relief.

Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, a district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." None of the three exceptions apply here; therefore, the Court cannot enjoin the execution of the state court's September 19, 2017 order. *See Arthur v. JP Morgan Chase Bank, N.A.,* 569 F. App'x 669, 678–79 (11th Cir. 2014); *see, e.g., Blum v. JPMorgan Chase & Co.*, 2015 WL 3463056, at *1 (S.D. Fla. May 1, 2015) ("Plaintiff's Motion, which seeks to enjoin the judicial sale of his home in connection with a state-court proceeding, must be denied."); *Littlejohn v. CitiMortgage Inc.*, 2015 WL 789131, at *2 (M.D. Fla. Feb. 24, 2015) ("Because Plaintiff's request for injunctive relief is likely barred by the Anti–Injunction Act, Plaintiff fails to demonstrate a substantial likelihood of success on her claims for injunctive relief.")

Additionally, Plaintiff's claim appears to be precluded under the *Rooker-Feldman* doctrine as a result of the judgments entered against him in the state court foreclosure action. "The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman v.*

*Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citing). Under the Doctrine, federal district courts "have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*). In addition to blocking federal claims that the state court actually heard, the Doctrine also bars claims that are "inextricably intertwined" with a state court judgment. *Siegel*, 234 F.3d at 1172. Here, it is clear from the allegations in the Complaint that Plaintiff has been attempting to resolve this matter in his favor in all levels of the Florida state court and is unhappy with the state court rulings. Significantly, even if the state court judgment was unconstitutional, *Rooker-Feldman* prevents the federal district court from correcting the error. *Feldman*, 460 U.S. at 486.

Accordingly, having found no substantial likelihood of success on the merits, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's request for injunctive relief [DE 1] is **DENIED**;
2. This case is **DISMISSED**;
3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of September, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Michael A. Henry Bey
1625 16th Lane
Greenacres, FL 33463