IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Michael A. Henry Bey, FKA, <br> Michael Anthony Henry <br> (Plaintiff) | ) <br> ) <br> ) <br> ) | USDC CASE No.: 17-81077-CIV-DIMITROULEAS |
| Vs. | ) <br> ) <br> ) | RELATED NO'S.: 17-81054-CIV-DIMITROULEAS. |
| | ) <br> ) | L.T. CASE NO.: **50-2015-CA-011322**. |
| THE BANK OF NEW YORK MELLON; <br> And DUKE PARTNERS II, LLC; <br> (Defendants) <br> _____ | ) <br> ) <br> ) <br> ) | FILED BY _____ D.C. <br> **OCT 1 0 2017** <br> STEVEN M. LARIMORE <br> CLERK U.S. DIST. CT. <br> S.D. OF FLA. - W.P.B. |

## MOTION TO RECONSIDER.

**COMES NOW**, the petitioner, **Michael A. Henry Bey**, in propria persona; formerly known as defendant, **Michael Anthony Henry**, hereby, moves this court to reconsider its order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, filed in this court on 09/26/2017. As grounds for this motion, the plaintiff will state as follows:

The plaintiff is not a lawyer and his pleadings cannot be treated as such. In fact, according to *Haines v. Kerner*, 404 U.S. 519 (1972), a complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "[A] pro se petitioner's pleadings should be liberally construed to do substantial justice." United States v. Garth, 188 F.3d 99, 108 (3d Cir.1999).

The plaintiff received the court's 09/27/2017 dismissal order filed in this court, just recently, because the dismissal order was mailed to the plaintiff's old address. The Plaintiff was ejected by the sheriff on 09/25/2017 and had to find a new place of domicile; therefore, through no fault of the plaintiff, please accept this Motion to reconsider as being timely filed.

## STATEMENT OF THE CASE AND FACTS.

On 09/26/2017, the plaintiff filed an Emergency Verified Complaint to Quiet Title for Real Property, in this court.

On 09/27/2017, this court issued its order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, on the basis that the plaintiff is unlikely to proceed on the merits, and that the U.S. District courts cannot intervene with the State court's judgment due to the Rooker-Feldman Doctrine.

(1.) This court should reconsider its order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, due to the fact that the State court has failed to hear over 95% of the plaintiff's claims and has ignored 6 different jurisdictional challenges made by the plaintiff. This court has subject matter Jurisdiction over Jurisdictional matter, due to International Treaty Laws pertaining to jurisdiction and the US Supreme Courts' "Act of State." The US Supreme Court has made it clear that Jurisdiction is a federal matter with its multitude of Case law pertaining to Jurisdiction. (See the plaintiff's Emergency Writ of Prohibition, filed in this court on 09/22/2017, Subject Matter Jurisdiction Section, points 4, 4(a) – (i).). This court has the jurisdiction to correct state court judgments that where entered without jurisdiction and contrary to due process of law, per Habeas Corpus. "A judgment can be void . . . where the court acts in a manner contrary to due process." --Am Jur 2d, §29 Void Judgments, p. 404.

(2.) This court should reconsider its order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, due to the fact that the Rooker-Feldman Doctrine does not preclude jurisdictional challenges and judgments that were entered contrary to Due process of law from review by Federal Courts.

(3.) This court should reconsider its order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, because the plaintiff is very likely to proceed on the merits due to the fact that the plaintiff filed the said Quiet Title Action in this court, on the basis that the defendants lacked jurisdiction over the plaintiff and his property, because the plaintiff has the superior claim of Title. The plaintiff had attached Exhibit 1 to his Emergency Verified Complaint to Quiet Title for Real Property, in order demonstrate that the defendants lacked jurisdiction over the plaintiff and his property. Exhibit 1, is the Plaintiff's DC Federal Land Patent. Based upon the Exhibit 1 of the Plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, the plaintiff was more than likely to proceed on the merits of his said action, because Exhibit 1 clearly demonstrates the Superior claim of title.

(4.) This court should reconsider its order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, because the court applied the wrong legal standard for relief. The court mistakenly applied the legal standard pertaining to non-complaints, such as Motions and pleadings, when the court summarily dismissed the plaintiff's complaint. The plaintiff filed a complaint with supporting evidence supporting

his claims for relief (Exhibit 1, DC Land Patent); therefore, his complaint should have never been summarily dismissed without the complaint being served yet. According to *Haines v. Kerner*, 404 U.S. 519 (1972), a complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The court gave defendants no chance to respond, which denied the plaintiff access to the courts and created an unfair advantage for the defendants.

(5.) This court should reconsider its order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, due to the fact that the plaintiff's claim of Quiet Title, the DC Land Patent, has not yet been heard yet in state court, because DC land patents are Federal issues and state courts do not have jurisdiction over DC land patents. "Patents and other evidences of title from the United States government are not controlled by state recording laws and shall be effective, as against subsequent purchasers, only from the time of their record in the county." (See Lomax v. Pickeriniz, 173 US 26.). "In federal courts, the patent is held to be the foundation of title at law." (See Fenn v Holmes, 21 Howard 481.).

(6.) This court should reconsider its order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, due to the Diversity of Jurisdiction section of the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, which demonstrates that this court has diversity of jurisdiction to hear this case. This means that due to Diversity, this court should treat the plaintiff's original proceedings as if they were filed in state court and state law would take precedent.

(7.) The plaintiff thanks this court for at least acting immediately on an Emergency matter and for writing a written order justifying the court's denial. The plaintiff has not received not one written order yet on the State level. In fact, the 4th DCA refuses to act upon the plaintiff's "Emergency Writ of Prohibition," and "Emergency Motion to Stay," filed on 09/01/2017 in the Florida Supreme Court SC17-1612. On 09/05/2017, the Florida Supreme Court remanded the Plaintiff's Emergency Writ of Prohibition and Emergency Motion to Stay to the 4th DCA for review. The 4th DCA assigned the plaintiff's said writ, case number 4D17-2777. Thus far the 4th DCA has failed to address the said emergency pleadings, which has resulted in the plaintiff suffering prejudice because Sheriff Ric Bradshaw came to the plaintiff's home and served the plaintiff with an issued Writ of possession on 09/20/2017. The plaintiff was removed from his home by the sheriff on 09/25/2017. If said motions and pleadings would have been heard by the 4th DCA, the plaintiff would still be in his home, due to the merits of plaintiff's said writ, which has an unrebutted jurisdictional challenge with an order of default judgment, in the plaintiff's

favor, that was issued by a court of record. (See Attachment D of Exhibit 6 of the Plaintiff's Emergency Writ of Prohibition, filed in case number 17-81054-CIV-DIMITROULEAS, on 09/22/2017). The plaintiff is being denied access to the courts in regards to the said Emergency pleadings filed in the 4th DCA, which has created an unfair advantage for the defendants and its more evidence demonstrating the Exceptional Circumstances section of the Plaintiff's Emergency Writ of Prohibition, filed on 09/22/2017, in case number 17-81054-CIV-DIMITROULEAS, on page 11, points 1-2, is more than just a conspiracy theory. The fact that the 4th DCA refuses to make a ruling on the said Emergency pleadings is strong evidence of not only conspiratorial behavior, but a clear denial of due process and equal protection of the law, in violation of the 5th and 14th Amendments of the US Constitution.

(8.) This court should reconsider its order denying the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property, because due to exceptional circumstances stemming from the state courts conspiratorial behavior with the defendants, the state courts gives the plaintiff no remedy at law whatsoever. "There is no wrong without a remedy." ~ Legal Maxim. "Whenever the common law gives a right or prohibits an injury, it also gives a remedy." ~ Legal Maxim. "If a man has a right, he must, it has been observed, have a means to vindicate and maintain it, and a remedy if he is injured in the exercise and enjoyment of it, and, indeed, it is a vain thing to imagine a right without a remedy, for want of right and want of remedy are reciprocal." ~ Legal Maxim. "It is an elementary maxim of equity jurisprudence that there is no wrong without a remedy." ~ Legal Maxim. "For every wrong, the law provides a remedy." ~ Legal Maxim.

**WHEREFORE**, based upon all of the foregoing facts and the authorities cited herein, the plaintiff respectfully requests this court to reconsider the 09/27/2017 order dismissing the plaintiff's Emergency Verified Complaint to Quiet Title for Real Property.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Reconsider has been furnished by US Mail to: Attorney for THE BANK OF NEW YORK MELLON, **Robertson, Anschutz, & Schneid**, 6409 Congress Avenue, Boca Raton, FL 33487; and Attorney for Third-Party Purchaser, DUKE PARTNERS II, LLC, Gasdick, Stanton & Early, P.A., **Diva N. Geltzer**, 1601 W. Colonial Drive, Orlando, FL 32804, on this ___ day of October_____, 2017.

Respectfully Submitted
By: _____
Michael Anthony: Henry-Bey
In Propria Persona Sui Juris
(non-corporate entity, tertius interveniens)
Administrator for MICHAEL ANTHONY HENRY
1625 16th Lane Greenacres, Florida [33463].