UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81077-CIV-DIMITROULEAS

Michael A. Henry Bey
formerly known as
Michael Anthony Henry,

    Plaintiff,

vs.

The Bank of New York Mellon,
and DUKE PARTNERS II, LLC,

    Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS CAUSE is before the Court upon *pro se* Plaintiff Michael A. Henry Bey's ("Plaintiff")'s Motion for Reconsideration [DE 7], filed on October 10, 2017. The Court has carefully considered the Motion, and is otherwise fully advised in the premises.[1]

On September 26, 2017, Plaintiff filed an Emergency Verified Complaint to Quiet Title for Real Property [DE 1]. Therein, Plaintiff requested the Court to enjoin Defendants from the execution of a writ of possession on his residence in connection with foreclosure proceedings in Florida's state courts. After careful review, the Court dismissed Plaintiff's Complaint finding that there was no substantial likelihood of success on the merits, the primary element of entitlement to temporary injunctive relief. Accordingly, the Court entered an Order of Dismissal. *See* [DE 5]. Plaintiff moves for reconsideration of that Order. *See* [DE 7].

"[R]econsideration of a previous order is an extraordinary remedy to be employed

---

[1] The Court notes that Plaintiff filed a similar Motion, based on identical allegations, in another lawsuit that was recently dismissed. *See* 17-cv-81054-WPD.

1

sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision. *Id.* (citing *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)). Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d at 1369. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Here, Defendant's motion for reconsideration merely disagrees with the Court's ruling as to the issue of substantial likelihood of success on the merits. Plaintiff fails to meet the requirements for the extraordinary relief of reconsideration. Accordingly, there is no basis for reconsideration of the Court's prior ruling.

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [DE 7] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of October, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Michael A. Henry Bey
1625 16th Lane
Greenacres, FL 33463