UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81077-CIV-DIMITROULEAS

Michael A. Henry Bey
formerly known as
Michael Anthony Henry,

     Plaintiff,

vs.

The Bank of New York Mellon,
and DUKE PARTNERS II, LLC,

     Defendants.
_____/

## ORDER DENYING MOTION; ORDER TO SHOW CAUSE

THIS CAUSE is before the Court upon *pro se* Plaintiff Michael A. Henry Bey's ("Plaintiff")'s Second Motion to Vacate [DE 24], filed on May 31, 2019. The Court has carefully considered the Motion, and is otherwise fully advised in the premises.

Here, Defendant's motion for reconsideration merely disagrees with the Court's previous ruling; none of Plaintiff's arguments warrant reconsideration. This Court and the Appellate Court have both indicated a lack of jurisdiction. [DE-5, 20]. Bey's claim to be a foreign citizen is frivolous. *See Monroe v. Shah*, 2018 WL 1887297*3 (N.D. Ga. 2018). His claims of mistake under Rule 60 are untimely. His claims of a void judgment are insufficient. They are not made within a reasonable time. They are claims of a wrong judgment, not one made beyond the court's authority. *U.S. v. Buck,* 281 F. 3d 1336, 1344 (10th Cir. 2002). Here, the error need be so glaring so as to constitute a total lack of jurisdiction. *In re: G.A.D. Inc.*, 340 F. 3d 331, 336 (6th Cir. 2003). Rather than alleging a total lack of jurisdiction, Bey alleges that the court

should have exercised jurisdiction.

Plaintiff continues to file motions in this closed case,[1] repeatedly asking for reconsideration of the Court's previous orders. Injunctive restrictions on filings by abusive litigants are necessary and prudent in order to curb conduct that would impact the rights of other litigants and the Court's ability to carry out its Article III functions. *Procup v. Strickland,* 792 F.2d 1069, 1071 (11th Cir. 1986). Preventing repetitive or frivolous litigation does not violate one's rights to access the Courts. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). Before filing in federal court, Plaintiff litigated these issues in state court. On August 16, 2017, Plaintiff was cautioned by the Fourth District Court of Appeal about filing further frivolous filings [4D17-2449]. On June 15, 2018, Palm Beach Circuit Judge Marx prohibited Plaintiff from submitting any further *pro se* filings in case 50-2015-CA-011322

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [DE 24] is **DENIED**, and Plaintiff shall have until **June 18, 2019** to show cause why he should not be declared a vexatious litigant and prohibited from filing any further documents related to the title to this property without representation by an attorney. admitted to the bar of this court.   A failure to respond will result in the Court's issuing an Order stating that Plaintiff may not file any documents in the Court record related to this property without representation by an attorney licensed to practice in this Court. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at the address listed below.

---

[1] Also, in two other related cases: 17-CV-81054 -WPD and 17-CV-81295-WPD.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of June, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Michael A. Henry Bey
PO Box 11774
Riveria Beach, FL   33419-1774